SPICKLEMEIER *v.* T. H. MASTIN & Co.

[No. 16,143.   Filed January 22, 1940.]

*Charles H. Foley,* and *Leo L. Kriner,* for appellant.
*Claycomb & Stump,* for appellee.

STEVENSON, J.—This action was instituted by the appellant against the appellee to recover on a policy of insurance issued by the appellee to the House of Crane, Incorporated. The complaint alleged that the appellant recovered a judgment in the Superior Court of Marion County, Indiana, against one Henry Shriver in the sum of $750.00 and costs. That said action grew out of personal injuries sustained by the appellant in a collision with a truck owned by the House of Crane, Incorporated, and driven by the said Henry Shriver, their salesman, and employee, which collision occurred on April 22, 1934. The complaint alleged that at the time of the collision the said Henry Shriver was driving and operating said truck with the permission, express or implied, of the House of Crane, Incorporated, and that said policy of insurance issued by the appellee to the House of Crane, Incorporated, insured any person or persons operating said truck with the permission, express or implied, of the said House of Crane, Incorporated.

To this complaint the appellee filed an answer in

two paragraphs. The second paragraph of affirmative answer set out a copy of the policy sued on, issued by the appellee to the House of Crane, Incorporated, and alleged the further fact that in the trial of the appellant's case against the said Henry Shriver in the Marion Superior Court, the House of Crane, Incorporated, had been made a party defendant thereto and that the result of such trial was a judgment in favor of the appellant against the said Henry Shriver for the sum of $750.00 and costs, and a judgment in favor of the defendant House of Crane, Incorporated. The answer further alleged that any liability against the assured House of Crane, Incorporated, under the policy sued upon had accordingly been adjudicated in favor of the assured.

The case was submitted to a jury for trial and at the close of the plaintiff's evidence, the court sustained the defendant's motion for directed verdict and judgment was accordingly entered for the defendant, appellee herein. It is from this judgment that this appeal has been taken and the errors assigned are that the court erred in overruling appellant's motion for new trial and which included error in preemptorily instructing the jury at the close of the plaintiff's evidence to return a verdict for the appellee herein.

The appellant contends that under the evidence offered and under the law applicable thereto, the appellee as an insurance carrier, was bound to pay and satisfy any damages resulting from negligence in the operation of the motor vehicle owned by the House of Crane, Incorporated, while being legally operated by any person with the permission, express or implied, of such owner. They contend that the facts of this case show that the automobile in question was so operated at the time of the appellant's injuries.

The evidence showed that at the time the appel-

lant received the injuries, the said Henry Shriver was
a salesman for the House of Crane, Incorporated;
that the truck covered by the policy of insurance sued
upon was in his custody at all times and he used it to
travel about the state on the business of his employer;
that he kept the truck in a garage near his home, se-
lected by himself; that all this was with the express
permission of the owner, and under its direction; that
he used the truck throughout the week traveling about
the State, and on Saturday it was his custom to go
to the office of his employer to check and reload his
truck for the following week's business; that he had
been instructed not to use this truck for his personal
use; that the accident occurred about 3:00 A.M. when
he was transporting a lady, who was employed at his
home, to her home; that he had used this truck on other
occasions for his own use, the record being silent as
to whether he imparted this to his employer, or that
they reprimanded him for it.

On this state of facts the appellant contends that
the statute of our state concerning provisions in poli-
cies of insurance providing for liability is sufficiently
broad to cover the said Henry Shriver, while so oper-
ating the insured's truck. The statute on which the
appellant relies reads in part as follows:

"No such policy shall be issued or delivered in
this State . . . to the owner of a motor vehicle
. . . unless there shall be contained within such
policy a provision insuring such owner against
liability for damages for death or injury to per-
son or property resulting from negligence in the
operation of such motor vehicle, in the business
of such owner or otherwise, by any person legally
using or operating the same with the permission,
expressed or implied, of such owner." § 39-3005
Burns' R. S. 1933. (§ 9992 Baldwin's 1934.)

Under this statute and the facts disclosed as above recited, the appellant asserts that the policy of insurance issued to Shriver's employer extended its protection to the driver of the truck described, while Shriver was so operating it.

It will be noted from a reading of this statute that the required provisions are for the protection of the *owner* of the car against liability. The mandate of this statute is that the owner shall be insured against liability from the negligent operation of his motor vehicle, whether operated in his business or otherwise. It was the purpose of this statute to prevent the issuance in this state of insurance policies which afford only a limited coverage. If the owner of a motor vehicle purchases an insurance policy which purports to insure against liability for damages to person or property, the statute requires that such policy cover all liability of the owner for the negligent operation of such car which might be imposed upon such owner by operation of law. Such a contract of insurance, however, is with the owner of the car and is only required to insure such owner against liability for its negligent operation. Liability of the owner is the condition insured against and is the condition precedent on which the obligation of the insurance carrier depends. It was not the purpose of this statute to provide that everybody who might drive the owner's car with his permission, express or implied, should be insured against liability for negligence in its operation. And this was not the intention of the parties to the insurance contract. If such had been their intention, they would have written into the policy of insurance a clause enlarging the meaning of the term "owner" or "assured", as is frequently found in policies of insurance of this type. Omnibus provisions designating and covering "additional assureds" are written

into contracts of insurance for the purpose of extending the protection against liability to those who might be operating the motor vehicle with the owner's permission and in such cases the obligation of the insurance company is predicated on the liability of the "additional assured". *Odden* v. *Union Indemnity Co.* (1930), 156 Wash. 10, 286 Pac. 59, 72 A.L.R. 1363; *Stovall* v. *N. Y. Indemnity Co.* (1928), 157 Tenn. 301, 8 S.W. (2d) 473 72 A.L.R. 1368; *Peterson* v. *Maloney* (1930), 181 Minn. 437, 232 N.W. 790; *Mercer Casualty Co.* v. *Kreamer* (1938), 105 Ind. App. 358, 11 N.E. (2d) 84. The mandatory provision of our statute, however, only requires that the owner of a motor vehicle who purchases such insurance shall be protected.

In the case at bar, the owner of the motor vehicle described in the policy of insurance, House of Crane, Incorporated, was not liable for the appellant's injuries. Such question has been adjudicated. The policy of insurance on which the appellant relies was issued to the House of Crane, Incorporated, and insured this corporation alone against "liability imposed by law" upon it. The appellant in his case in chief, was unable to prove any liability on the "owner" of this motor vehicle as the term is used either in the statute or in the contract of insurance.

The court accordingly committed no error in instructing the jury to return a verdict for the defendant, appellee herein. The judgment of the trial court is affirmed.