AMERICAN EMPLOYERS' INSURANCE COMPANY
*v.* CORNELL

[No. 28,388. Filed January 8, 1948.]

562

*Kahn, Dees, Donovan & Kahn,* of Evansville, for appellant.

*John H. Jennings* and *H. Harold Sochnick,* both of Evansville, for appellee.

YOUNG, J.—This is an appeal from a judgment rendered against the appellant insurance company in a consolidated trial of two actions upon an automobile insurance policy. The purpose of these actions was to collect the amounts of judgments in the sums of $5,000 and $2,900 respectively. These judgments had previously been rendered in favor of appellee against one Ollie P. Beal who, it was claimed, was driving the automobile described in the insurance policy involved when it struck appellee's tractor and caused the damages and injuries for which said judgments were rendered. The insurance policy was issued by appellant to one Dora Griffin who was the named insured therein. It was claimed that said Ollie P. Beal was driving this automobile at the time of the accident with the permission of the named assured, Dora Griffin, and that appellant became obligated to pay the judgments by reason of the terms of the insurance contract. A jury returned a verdict in favor of appellee for $5,000 and $2,900, with interest from the dates of said respective judgments against Beal and judgment was rendered against appellant accordingly.

NOTE.—This case came to this court upon transfer from the Appellate Court of Indiana, and some of the language of this opinion is taken from portions of Judge Bowen's opinion with which we were not in disagreement. [73 N. E. (2d) 70.]

The policy involved contained the following language:

"III. Definition of 'Insured': The unqualified word 'Insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named Insured, and except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured . . ."

The principal question to be determined in this appeal is whether there was substantial evidence upon which the jury could find that Ollie P. Beal was driving assured's automobile with the permission of the assured named in said insurance policy.

Appellant first contends that there was no evidence of express permission from Dora Griffin, the insured, to Ollie P. Beal to drive the automobile at the time of the accident and that, therefore, the insurance policy did not cover Ollie P. Beal.

It seems to us, however, that the insurance contract does not require *express* permission and in the absence of such a requirement implied permission would be suffcient to bring permittee within the protection of the policy. But the appellant also contends that there was no evidence upon which a jury could properly find implied permission from Dora Griffin to Ollie P. Beal to drive the car at the time of the accident. This requires us to examine the evidence to determine whether there is any evidence from which the jury could have found that Dora Griffin impliedly consented to the use of her automobile at the time of the accident by Ollie P. Beal.

There was evidence that Dora Griffin could not drive an automobile; that when the car involved in this

accident was purchased Ed Griffin, her husband, traded in a Ford Sedan owned by him; that Ed Griffin handled the transaction and the certificate of title was made out in his wife's name; that Ed Griffin kept the keys of the car at all times; that his wife never kept the keys and that he had the entire responsibility of the car. A statement by Dora Griffin was introduced in evidence in which she said: "I left the responsibility and care of the car to my husband who bought it, he could let whoever he chose drive it . . . . My husband and I both took out the insurance papers with the Morris Plan. They knew that the automobile my husband traded in was his and registered in his name. The insurance company knew that my husband was paying for the car. My husband kept the keys to the auto and looked after it entirely."

There was evidence that Dora Griffin and Ed Griffin lived downstairs and Ollie P. Beal lived upstairs in the same rooming house; that they were intimate friends, and visited taverns together daily; that Beal had driven the automobile involved a few times before the accident in the company of both Mr. and Mrs. Griffin and that he had driven the car when they were not along; that on the day of the accident Ed and Dora Griffin were sitting together in a tavern and they were joined later at their table by Ollie P. Beal and one Buck Lang; that Beal asked Ed Griffin if he could borrow the Griffin automobile to go up and see Lang's father; that Griffin told Beal that he could have the car if he would go along and drive it; that when the above conversation occurred Dora Griffin was sitting at the table and heard it; that she was on one side of the table and Beal was on the other, about a foot and a half or two feet away; that Ed Griffin handed Beal the keys and at the time Dora Griffin was sitting on his side

of the table; that Dora Griffin had normal sight and hearing and that Beal asked for the car and keys in a normal conversational voice and that, as the keys were being passed across the table, Dora Griffin's face was turned in the direction of the keys and there was no obstruction to prevent her from seeing them, but that she remained silent.

Appellant contends that the silence of Dora Griffin under the circumstances was insufficient to show her implied permission to Beal to use the automobile, and as authority cites the following cases dealing with silence as creating an estoppel; *Miller* v. *Dill* (1898), 149 Ind. 326, 49 N. E. 272; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 94 N. E. 236; *Wilkerson* v. *Wood* (1924), 81 Ind. App. 248, 143 N. E. 166; *French* v. *Nat'l Refining Co.* (1940), 217 Ind. 121, 26 N. E. (2d) 47.

These cases are not controlling here. The courts in those cases were considering silence as acquiescence in and agreement to the terms of a contract and whether or not silence under the circumstances involved in those cases gave rise to enforceable contract rights against the person remaining silent. We are dealing with a different question here. It is entirely possible for a person to have the implied permission by the silence of another to use an automobile without being in a position to enforce a right to such use against the person granting such implied permission. In our opinion there was ample evidence from which the jury might have found that Dora Griffin impliedly consented to the use of her car by Beal at the time of the accident.

The same question is presented by appellant in connection with instruction numbered six requested by appellee and given by the court, which instruction is as follows:

"The court charges the jury that if you should find from a fair preponderance of all the evidence bearing upon that issue that Edgar Griffin gave permission to the said Ollie P. Beal to drive said automobile, at the time of the accident described, and you should further find at said time, that at the time said Edgar Griffin turned the keys over to said Ollie P. Beal the said Dora Griffin was present and saw and heard all of said transaction and knew that her husband was permitting said Ollie P. Beal to use said car, the court charges the jury that under such circumstances the said Ollie P. Beal was using said automobile with the permission of not only the said Edgar Griffin, but also the said Dora Griffin, even though the said Dora Griffin was silent at said time."

No objection was made that this instruction was mandatory in form, and for reasons which are obvious from what we have said above, we think there was no error in giving it.

Appellant also assigned as error the giving of instruction numbered five by appellee, which instruction was as follows:

"The court charges the jury that in determining whether or not the said Ollie P. Beal was driving said automobile, at the time of the accident described, with the permission of the named insured in said policy of insurance, the court charges you that said permission does not necessarily have to be given by the said Dora Griffin to the said Ollie P. Beal, but if you should find from the evidence bearing upon that issue that the said Dora Griffin gave blanket authority to her husband, Edgar Griffin, to give permission to whomsoever he chose and you should further find that the said Edgar Griffin, pursuant thereto, gave permission to the said Ollie P. Beal to drive said Plymouth automobile, then the court charges you that said Ollie P. Beal was driving with the permission of the said Dora Griffin and under such circumstances you should so find."

The appellant contends there is no evidence that Dora Griffin gave blanket authority to her husband, Edgar Griffin, to give permission to whomsoever he chose to drive the automobile. We believe that we have recited above sufficient evidence of blanket authority from Dora. Griffin to her husband to justify submitting that issue to the jury in the foregoing instruction. *Mercer Casualty Co.* v. *Kreamer* (1939), 105 Ind. App. 358, 11 N. E. (2d) 84.

Appellant also assigns as error the giving of instruction numbered eight tendered by appellee. This instruction sets forth in full §§ 39-3005 and 39-4309, Burns' 1940 Replacement, in each of which it is stated that all insurance policies such as the one here involved shall contain a provision insuring *the owner* of the automobile involved against liability for damages for death or injury to person or property resulting from negligence in the operation of such automobile by any person legally using or operating the same with the permission, express or implied, of such owner. The court follows the quotation of said statutes with the charge that by virtue of said statutes it would only be necessary in this case for the plaintiff to show that the permission from Dora Griffin, if any, to drive said Plymouth automobile was implied at the time of the accident. This instruction was erroneous because the statutes quoted are not applicable to this case. The statutes apply only to protect *the owners* of insured automobiles against liability for death or injury caused by the negligence of another using the automobile with permission of the owner, express or implied. They do not serve to protect the permittees whose negligence causes such deaths or injuries. The judgments in this case were not against the owner but were against the permittee and, under the statutes,

there is no obligation upon the insurance company to protect the permittee. This has been decided by the Appellate Court of Indiana in the case of *Spicklemeier* v. *T. H. Mastin Co.* (1940), 107 Ind. App. 350, 24 N. E. (2d) 797, and *Shadow* v. *Standard Acc. Ins. Co.* (1942), 111 Ind. App. 19, 39 N. E. (2d) 493. The holding of these cases has been approved by this court in *Culley* v. *Farm Bureau Mut. Ins. Co.* (1946), 224 Ind. 483, 69 N. E. (2d) 19, and we again approve the results and the reasoning in the Shadow and Spicklemeier cases. Therefore, to apply these statutes to cases where protection of the permittee, as in the case before us, and not protection of the owner of the insured automobile, is involved is erroneous.

However, we do not think that the instruction was harmful to appellee. The instruction uses the statute to make it appear to the jury that implied permission was sufficient to render the insurance company liable. As we have already seen under the insurance policy here involved, and without regard to the statute, implied permission was sufficient to bring the permittee within the protection of the contract of insurance. The important consideration was whether or not implied permission would suffice and it was unimportant whether it would suffice because of the contract or because of the statute. It is true that prejudice from an erroneous instruction is presumed unless the contrary affirmatively appears and in considering the effect of an erroneous instruction this court assumes that the error influenced the result unless it appears from the interrogatories, the evidence, or some other part of the record that the verdict under proper instructions could not have been different. *Probst, Receiver* v. *Spitznagle* (1939), 215 Ind. 402,

408, 19 N. E. (2d) 263; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 217, 115 N. E. 577.

For reasons already stated, it would have been proper for the court to have instructed the jury in this case that implied permission was all that was necessary to create liability under the terms of the contract sued on. If the jury based its verdict upon implied permission as they were told they might do in the instruction under discussion it would seem certain they would have done exactly the same thing if instructed properly that implied permission was sufficient under the language of the insurance policy sued on. We hold, therefore, that the error in giving instruction numbered eight tendered by appellee was harmless.

The appellant assigns as error the giving to the jury of its own motion the court's instruction numbered three, which instruction set forth the title of the cause and contained these words:

"If you find for the plaintiff, you will use this form of verdict: . . . We, the jury find for the plaintiff and that he is entitled to recover of and from the defendant the amount of the judgments sued upon in plaintiff's complaint in the sum of five thousand ($5,000.00) dollars, and Twenty-nine hundred ($2900.00) dollars, respectively, and the interest accrued thereon from the date of the rendition of said judgments."

The appellant claims that since this is an action for recovery of a money judgment for breach of contract that under the provisions of the statute and the law the jury must assess the amount of recovery; that the instruction is erroneous for the reason it is mandatory in form and does not permit the jury to assess the damages for a lesser amount than that contained in the instruction.

The form of verdict set out in the above instruction is not a model to be followed, but its ineptness was harmless. It prescribed a proper formula for determining the amount of recovery. Only a mathematical calculation was necessary. *Medler* v. *Hiatt* (1860), 14 Ind. 405; *Johnson* v. *Bucklen* (1893), 9 Ind. App. 154, 160, 36 N. E. 176; *Thornburg, Admr.* v. *Buck* (1895), 13 Ind. App. 446, 453, 41 N. E. 85. Under the insurance policy sued on the plaintiff was entitled to recover the full amount of the judgments, plus interest, or nothing.

Appellant also complains that the court erred in refusing to give its instruction number one. This instruction was a peremptory direction to the jury to return a verdict for the defendant. For the reasons already stated in our discussion of the sufficiency of evidence this instruction was properly refused.

The giving of instruction number four, requested by appellee, is urged as error by appellant. This instruction reads as follows:

"The court instructs the jury that the following provision is contained in the policy of insurance sued upon:

" 'III. Definition of "Insured." The unqualified word "Insured" wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named Insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named Insured. . . .'

"The court charges you that because of this provision in the policy of insurance if you should find from a fair preponderance of the evidence bearing upon that issue that at the time of the accident in controversy one Ollie P. Beal was driving and operating the 1941 Plymouth automobile, men-

tioned in said policy of insurance with the permission of the named insured in said policy of insurance, and that all terms of said policy had been duly complied with, then the court instructs you that the plaintiff is entitled to recover in this case the amount of each of said judgments sued upon, together with interest thereon from the date said judgments were rendered."

It was objected to on the following grounds:

". . . said instruction does not contain phraseology showing therein provisions contained in the policy of insurance sued upon, other than the portion set out and contained in said instruction; and for the further reason that said instruction is vague and misleading insofar as it contains, among others, the phraseology 'and that all terms of said policy have been duly complied with.' "

We cannot agree with appellant. The language of the policy quoted was the language upon which plaintiff's case depended. It is not necessary that all the language of a contract sued on be set out in a single instruction nor do we think that this instruction vague or misleading. If appellant had desired further and more definite instruction, with reference to the terms of the policy, if any, which had not been complied with by plaintiff, it should have requested it.

Appellant also complains of the failure of the court to give instruction number 11, requested by defendant. By this tendered instruction the court was asked to tell the jury that "if any evidence has been introduced to the effect that Edgar Griffin, the husband of Dora Griffin, the named insured, traded in an automobile belonging to him as part of the purchase price" of the insured automobile, "and that he made most of the remaining installment payments" on the insured automobile, or "that he paid the insurance

premium on the insurance policy" sued on, the jury should completely disregard such evidence. The court properly refused this instruction. The question of blanket authority from Dora Griffin to her husband to permit others to drive the automobile was an issue in this case and there was sufficient evidence to take this question to the jury. Contributions of the husband to the purchase of the automobile might be considered corroborative of other evidence on the question of blanket authority. It might be thought that a wife would be apt to accord more control of her automobile to her husband if he had helped substantially in its purchase than if he had not. The evidence referred to in instruction number 11 was not conclusive upon the question of the husband's authority, but it was pertinent when considered with other evidence, and its weight was for the jury.

Appellant, in its brief, both in its points and authorities and in its argument, considers together as a common group instructions 13, 14, 15, 20, 21, 22, and 23 requested by it, and contents itself with saying generally that they should all have been given because they correctly stated the law with reference to whether or not Ollie P. Beal would come within the protection of the policy of insurance sued on. It refers, in support of this contention, to the propositions, points and authorities it had earlier urged to convince us that the verdict was for various reasons not sustained by the evidence and was contrary to law. There are five propositions, and nineteen points and fifty cases thus generally referred to in connection with these seven instructions. None of them is applied at any place in the brief to any one of these instructions and no particular reason is asserted why any of the instructions should have been given. We have, however, examined each

instruction in the light of the general propositions and authorities to which general reference was made. For the same reasons that we held the propositions, points and authorities referred to not convincing upon the sufficiency of the evidence, they do not convince us of prejudicial error in refusing to give any of the instructions now under discussion.

In the course of the trial Ollie P. Beal, testifying as a witness for the plaintiff, was asked whether Dora Griffin at any time ever raised any objection to his driving the automobile involved. The defendant objected and stated as the only ground for such objection that the question called for a conclusion of the witness. The court overruled the objection and this ruling was assigned as error in appellant's motion for a new trial and is now urged in this court. It does not seem to us that this was error. An ultimate fact, not a conclusion, was called for. The details of what had been said and done by Mrs. Griffin when permission was given Beal by Mr. Griffin had already been testified to and even if the question could be construed as calling for a conclusion we would not consider it such error as would call for reversal.

The witness Beal was also asked what conversation he had had with an adjuster for the insurance company after he was sued. This question was objected to on the ground it assumed there was obligation on the part of the defendant to protect the driver of the car, and the objection was overruled. The answer was: "I showed him the subpoena (summons) and told him I was being sued and he advised me to get a lawyer and I told him I didn't have any money to get a lawyer and he said they wouldn't do anything about it unless they was sued." It does not seem to us that there is substantial merit in the objec-

tion made to this question. A plaintiff usually assumes that he has a cause of action against a defendant and witnesses almost necessarily are asked questions predicated upon this assumption. Also it appears that a provision of the policy requires that the insured forward to the company every summons or process served upon him. A question tending to elicit an answer showing compliance with this provision was proper.

There were seven alleged errors in rulings upon evidence grouped by appellant in their presentation of same, all of which tended to bring before the jury the fact that Edgar Griffin helped to pay for the automobile in question and for the insurance policy sued on. It was contended that these questions and answers tended to lead the jury to believe that Edgar Griffin was the owner of the car and the real insured and that his permission to Beal to drive the car was sufficient without the permission of Mrs. Griffin and without any authority to him from Mrs. Griffin, the insured named in the policy. It is claimed that thereby effort was made to vary the terms of the written contract by parol evidence, i. e. to make Mr. Griffin the named insured instead of Mrs. Griffin. It does not seem to us that such was the effect or purpose of the evidence. It was not improper to show that Mr. Griffin had helped in the purchase of the automobile. This fact would be relevant for the reasons we have stated in our discussion of instruction number 11, requested by defendant.

In the course of the trial, Mrs. Griffin was asked, "Did you consider the automobile yours or his or as much one as the other?", to which objection was made upon the ground that the question called for a conclusion of the witness and that the complaint sued on described the automobile as belong-

ing to Dora Griffin. This objection was overruled by the court and the witness answered: "I guess both of us as much his as was mine." It seems to us that this question would call for a conclusion and that the objection should have been sustained but it does not seem possible to us that appellant was harmed by this error.

In the course of the trial, one of the appellee's attorneys was asked by appellant's attorneys whether he ever caused an execution to be issued against Ollie P. Beal on either of the judgments obtained by appellee against Ollie P. Beal which were the basis of this cause of action. This was objected to on the ground that it was not material, there being no requirement under the terms of the policy that execution issue before suit against the insurance company. This objection was sustained and it was made to appear that if the witness had been permitted to answer he would have testified that no execution had been issued. Appellant contends that this question was proper in order to show the interest of Ollie P. Beal, who was a witness in the case. It had already been proved, and was not denied, that the judgments were against Beal and that the insurance company had refused to pay them unless suit was brought against the insurance company. In this situation we conclude that the interest of Beal was already clear before the jury and that the fact that no execution had been issued against him could not seriously have affected the situation in the minds of the jury. If every error in the admission or rejection of evidence were grounds for reversal few judgments would be affirmed in this court, because in the heat of a trial it is inevitable that some error will creep in and it is the duty of this court to refuse to reverse upon such error if it appears that no harm resulted.

Finding no harmful error in the record the judgment is affirmed.

Emmert, C. J. and Gilkison, J., concur in the result.

NOTE.—Reported in 76 N. E. (2d) 562.