Horace A. ARNOLD, as Administrator of
the Estate of Robert Eugene Arnold,
Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant-
Appellant.

No. 12278.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1958.

Rehearing Denied Nov. 19, 1958.

Joseph L. Kivett, Silas C. Kivett, Jr., and Kivett & Kivett, Indianapolis, Ind., for appellant.

Earl C. Townsend, Jr., John F. Townsend, and Townsend & Townsend, Indianapolis, Ind., for appellee.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

In a prior suit in an Indiana state court, plaintiff (appellee), as administrator of his son's estate, recovered a default judgment of $15,000 against an individual who, while driving a truck

with permission of the insured owner, negligently struck and killed plaintiff's son.[1] In this present diversity action appellee seeks to recover from the defendant insurance company (appellant), an Illinois corporation and insurer of the owner of the truck, the amount of the default judgment. At the conclusion of all the evidence the trial court directed the jury to return a verdict for plaintiff, upon which judgment was entered and from which this appeal is taken. The errors relied upon arise out of the denial of defendant's motion to direct a verdict and the granting of plaintiff's similar motion.

A statement of the pertinent facts is a necessary prelude to a definition of the issues at this point, and we adopt the outline set out in Judge Steckler's memorandum opinion in the district court, 1958, 158 F.Supp. 1, 2, as follows:

"James V. Ray was the operator of two farms, which will be referred to in this summary as Farm No. 1 and Farm No. 2. Farm No. 2 was located about two and one-half miles away from Farm No. 1, the latter being the situs of the Ray home. Ray was the owner of a certain 1950 G.M.C. truck, which was used in connection with his farming activities. Lowell Leroy Gibbons was employed by Ray as a general farm laborer. On the morning of July 27, 1952, Ray's wife, acting on the instructions of her husband, who was ill, gave Gibbons the keys to the truck in order for him to drive it to Farm No. 2 and feed and water certain livestock. A few days prior to the morning here involved, Gibbons had conferred with Ray about looking after the farm chores on both farms during Ray's confinement, and it was generally understood that Gibbons would use the truck in that connection. Pursuant to his general instructions and after obtaining the keys from Mrs. Ray,

Gibbons drove the truck over to Farm No. 2. There he watered the livestock, though he did not feed them, and then he decided to drive the truck to the Town of Bridgeport, Indiana, which was located approximately fifteen miles away. While in Bridgeport, Gibbons contacted a bootlegger from whom he purchased some whiskey. After consuming a portion of his newly acquired whiskey, Gibbons commenced the journey back to the Ray homestead, taking one or two drinks while on the way back to the farm. While passing through the Town of Plainfield, Indiana, on his way back to the Ray home, Gibbons was involved in a collision with a bicycle ridden by plaintiff's fourteen year old son. Plaintiff's son was killed. * * *

"The evidence also showed that Ray had been ill for about a week prior to the day of the accident; that during this time Gibbons had been permitted to use the truck in question daily in the performance of his duties. The evidence also showed that on one other occasion, Gibbons had been permitted to take the truck to a certain grain elevator located several miles away from the Ray homestead.

"With respect to the truck, Ray was insured by the defendant by a policy of insurance containing a so-called 'omnibus clause,' which provided, in Section III of the policy as follows:

" 'With respect to the insurance for bodily injury liability, for property damage liability, and for medical payments the unqualified word "insured" includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or *with*

1. The owner was also named as a defendant in that case but the complaint was subsequently dismissed as to him before trial.

*his permission.'"* (Emphasis added.)

The first contention to be resolved is whether, under Indiana law, the foregoing omnibus clause in Section III of the policy affords protection to a permittee of the owner, in this case his employee, or whether this omnibus clause is limited in its coverage to benefit the owner of the vehicle by virtue of the Indiana courts' interpretation of a statute, Burns' Ind.Ann.Stat., § 39–4309 (1952 Repl.), requiring that omnibus clauses be inserted in all automobile policies issued in Indiana.

Appellant contends that the omnibus clause is for the benefit of the insured and not the permittee, and relies on three Indiana cases construing the statute cited above to this effect.[2] The applicable part of this statute reads:

> "39–4309. Liability insurance policies—Prohibition. * * * No such policy shall be issued * * * unless there shall be contained within such policy a provision *insuring such owner against liability for damages* for death or injury to person or property resulting from negligence in the operation of such motor vehicle, *in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied,* of such owner. * * *" (Our emphasis.)

The Spicklemeier, Shadow and Culley cases (supra note 2) cited by appellant, are distinguishable on their facts from the case at bar. In each of these cases there was *no* omnibus clause in the policies and the plaintiffs there sought to read into the policies the foregoing statute for the benefit of the permittee. These opinions held that this could not be done and construed the statute to be solely for the protection of the owner of

the vehicle and not his permittee. These holdings were again affirmed by the Supreme Court of Indiana in American Employers' Ins. Co. v. Cornell, 1947, 225 Ind. 559, 568–569, 76 N.E.2d 562, 566, but were expressly limited to a situation where no omnibus clause appears in the policy.

The Cornell case also concerned a suit brought by the holder of a judgment against a permittee driver seeking recovery from an owner's insurance carrier under a policy containing an omnibus clause. The court affirmed a judgment for plaintiff against the insurance company, holding that such a *policy provision extended coverage to a permittee* and that it was error to attempt to apply this statute to such a situation; and, on this ground, expressly limited and distinguished the Spicklemeier, Shadow and Culley cases. This was consistent with an earlier holding of the Appellate Court of Indiana in Mercer Casualty Co. of Celina, Ohio, v. Kreamer, 1937, 105 Ind. App. 358, 11 N.E.2d 84. Thus, it seems quite clear to us that, under Indiana law, where the policy in suit contains an omnibus clause, the coverage under the policy is extended to and is for the benefit of the permittee.

This leads us then to the question of whether or not this coverage is terminated if the permittee deviates from the use of the motor vehicle contemplated by the owner at the time such initial permission was granted. The precise question here is whether an employee who uses his employer's motor vehicle with the latter's permission remains within the protection of the omnibus clause when he deviates from the purpose and use for which the permission was granted.[3] The Indiana courts have not passed upon this question of deviation.

As applied to the instant situation the courts have generally taken one of three

2. Culley v. Farm Bureau Mutual Ins. Co., 1946, 224 Ind. 483, 486–487, 69 N.E.2d 19; Shadow v. Standard Accident Ins. Co., 1942, 111 Ind.App. 19, 39 N.E.2d

493; Spicklemeier v. T. H. Mastin & Co., 1940, 107 Ind.App. 350, 24 N.E.2d 797.

3. See 5 A.L.R.2d 600, 621–668 for a comprehensive annotation and discussion of this whole problem.

views: (1) the "strict" rule to the effect that the motor vehicle "must have been used for a purpose reasonably within the scope of the permission given, during the time limits expressed, and within the geographical limits contemplated"; (2) the moderate or "minor deviation" rule which holds that a minor deviation from the scope of permission granted will not exclude coverage, but that a material or major deviation will constitute a use of the motor vehicle without the owner's implied permission; and (3) the "liberal" rule to the effect that the permittee "need only to have received permission to take the vehicle in the first instance, and any use while it remains in his possession is 'with permission' though that use may be for a purpose not contemplated by the assured when he parted with possession of the vehicle." 5 A.L.R.2d 622.

The "minor deviation" rule is, in reality, not a rule at all. It necessarily turns upon the facts in each case, being a modification of the other two rules and depending entirely upon the extent of the deviation. It would seem to afford little opportunity for uniformity in application because of the difficulty, in any event, of saying whether a deviation is slight or gross. At best it provides an escape from either of the other two more extreme rules, presenting the opportunity for endless litigation in seeking a definition of the extent of the deviation in each case.

The district court, in its well-reasoned memorandum opinion, concluded that the rationale of American Employers' Ins. Co. v. Cornell, 1948, 225 Ind. 559, 76 N.E. 2d 562 and Mercer Casualty Co. of Celina, Ohio, v. Kreamer, 1937, 105 Ind. App. 358, 11 N.E.2d 84, indicated that the Indiana courts of appeal would accept the "liberal rule" in determining the issue. We agree. A careful consideration of these two Indiana cases points clearly in that direction.

In Kreamer, an insured owner gave her fiance blanket authority to use her automobile in any way he pleased and to let anyone else use it. He in turn permitted his cousin to drive the car, instructing him to have it washed and to return with it at a certain time. There was no express limitation on use. While the cousin was using the car for his own pleasure a guest in the automobile was injured in an accident. The Appellate Court of Indiana held the second permittee was an insured under the omnibus clause in the policy extending coverage "in addition to the named insured" to any person responsible for the operation of the automobile, provided it was being used with the express or implied consent of the named insured. In support of this holding the court cited many of the leading cases adopting the so-called "liberal" rule, wherein the permittee had deviated from the permitted use. 105 Ind.App. at page 362, 11 N.E.2d at page 86. Thus, although the case did not involve the precise question presented here, Indiana did give recognition to the liberal doctrine.

The Supreme Court of Indiana indicated a liberal approach in the Cornell case in which it held that, on the facts of that case, there was sufficient evidence to justify the jury in finding implied consent by the owner for a second permittee, a friend of the original permittee, to use the car and that, consequently coverage was properly extended him (second permittee) under the omnibus clause in the insurance policy. The court pointed out that, although there was silence on the part of the insured owner who was present when permission was given, this did not prevent a finding of implied permission for the second permittee to use the car.[4]

4. This is consistent with our holding in Standard Accident Ins. Co. v. New Amsterdam Cas. Co., 7 Cir., 1957, 249 F.2d 847, wherein we held that Illinois follows the "liberal" rule in extending coverage under an omnibus clause to a second permittee, citing Konrad v. Hartford Accident & Indemnity Co., 1956, 11 Ill.App.2d 503, 515, 137 N.E.2d 855, 861; Muthart for use of Zitnik v. Burik, 1945, 327 Ill. App. 170, 63 N.E.2d 635; and Jefson for use of Alber v. London Guarantee & Accident Co., 1937, 293 Ill.App. 97, 11 N.E. 2d 993. In Konrad the Illinois court

In view of these holdings by Indiana in Kreamer and Cornell, we see no inconsistency in holding in this case that under Indiana law a deviation in the use of the automobile would *not* operate to terminate the "permission" granted to the driver of the insured motor vehicle.

Here we have an employee operating the owner's truck for the business of the owner with express permission. Obviously, this includes driving the truck "home" after the assigned work is accomplished. On the way home the driver deviates from his business mission, stops to purchase some whiskey, drinks it, and, while continuing on his way home, is involved in an accident. We do not see that the extent of the deviation is material. Likewise, we find no material distinction between the master and servant relationship here involved and the more usual situation where the permittee is extended permission to drive for personal or social purposes. However, the rule in this case should not be extended unnecessarily beyond the boundaries of this case, since in other situations there may be factors which Indiana courts may find to terminate permission. See, for example, Cocos v. American Automobile Ins. Co., 1939, 302 Ill.App. 442, 24 N.E. 2d 75, in which the Illinois Appellate Court ruled that it would not extend its initial permission rule to carry with it authority for a permittee to let another use the car when the owner expressly forbids such delegation.

 We hold, therefore, that under Indiana law, one who has permission of an insured owner to use his automobile continues as such a permittee while the car remains in his possession, even though that use may later prove to be for a purpose not contemplated by the insured owner when he entrusted the automobile to the use of such permittee. This is to say that under such circumstances a deviation in use from that in-

tended by the insured owner will not operate to terminate such permission granted. It necessarily follows that, under the instant omnibus clause, protection as an additional insured is afforded the employee-permittee even though there was a deviation in his use of the motor vehicle.

■ While trial courts may not direct a verdict where a question of fact is presented for the jury to determine, here there was no dispute as to the fact that initial permission was granted to the employee to use the truck, and, likewise, no dispute over facts indicating that he deviated from the purpose for which permission was granted. Under our holding, the extent of such deviation was not material to the issue on trial. There was no issue of fact left for the jury to resolve, and we hold that it was not error for the trial court to direct a verdict for plaintiff. The court properly denied defendant's motion to direct a verdict.

The judgment of the district court is Affirmed.

said: " * * * a deviation from the permission is immaterial; the only essential thing is that permission be given in the first instance; the rule is based on the theory that the insurance contract is as much for the benefit of the public as for the insured, and that it is undesirable to permit litigation as to the details of the permission and use; * * *." [11 Ill.App.2d 503, 137 N.E.2d 861.]