Wallace J. LEONARD, Plaintiff,

v.

UNION CARBIDE CORPORATION
d/b/a Haynes Stellite Company, Defendant and Third-Party Plaintiff,

Liberty Mutual Insurance Company,
Third-Party Defendant.

No. IP 59-C-44.

United States District Court
S. D. Indiana,
Indianapolis Division.

Feb. 2, 1960.

Floyd F. Cook, Kokomo, Ind., for plaintiff.

Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for defendant and third-party plaintiff, by John W. Houghton and William P. Wooden, Indianapolis, Ind.

Bingham, Summers & Spilman, Indianapolis, Ind., for third-party defendant, by Claude M. Spilman and Grace M. Curry, Indianapolis, Ind.

HOLDER, District Judge.

The Liberty Mutual Insurance Company (hereinafter called the insurer) on October 31, 1957 by its written comprehensive liability policy of insurance (automobile and general liability) agreed to insure for the period of one year Kain's Motor Service Corporation of Logansport, Indiana, (hereinafter called policyholder insured) engaged in the declared business of a common carrier and also agreed to insure certain of the policyholder insured's unnamed permittees (hereinafter called permittee insured) users of the policyholder's automobiles, subject to limits of liability, exclusions, conditions and other terms of the policy which read in part as follows:

"Insuring Agreements"

"I.  Coverage A—Bodily Injury Liability.
To pay on behalf of the insured all sums which the insured all shall become legally obligated to pay as damages because of bodily injury * * *, sustained by any person and caused by accident. * * *."

"II.  Defense, Settlement, Supplementary Payments.
With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, * * * and seeking damages on account thereof, * * *.

(b) * * * and the amounts so incurred, * * *, are payable by the company in addition to the applicable limit of liability of this policy."

"III. Definition of Insured. * * *: With respect to the insurance for Bodily Injury Liability * * * the unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile * * * and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *. The insurance with respect to any person * * * other than the named insured does not apply: * * *.

(c) to any employee with respect to injury * * * of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer;" * * *.

"* * *, Purposes of Use. * * *. Use of an automobile includes the loading and unloading thereof."

"Exclusions"

"This policy does not apply: * * *.

(g) under coverage A, * * *, to bodily injury to * * * any employee of the insured arising out of and in the course of his employment by the insured, * * *; * * *."

The policy further recites conditions, declarations and endorsements.

Within the policy period on February 25, 1958, an employee of policyholder insured operated its truck to the loading dock on the premises of Union Carbide Corporation, doing business under the name and style of Haynes Stellite Company in Kokomo, Indiana, (hereinafter called permittee insured) at the request of his employer, the policyholder insured, for the purpose of fulfilling an order of the permittee insured who was to load the policyholder insured's truck with merchandise after which loading the policyholder insured's employee was to transport by such truck. The policyholder insured's employee while in the course of his employment awaiting the loading of such truck suffered bodily injury to his person which allegedly was proximately caused by the negligent acts or omissions of an employee of the permittee insured in operating a fork lift truck and dislodging a box from a stack of freight and fell on the policyholder insured's employee.

The injured employee asserted a claim against his employer, the policyholder insured, for and was awarded compensation benefits under The Indiana Workmen's Compensation Act of 1929, as amended.[1] The compensation was paid by the Hartford Accident and Indemnity Company as the insurer of the injured employee's employer. Hartford, pursuant to said Act, seeks reimbursement for the compensation paid to the injured employee from the permittee insured.

The injured employee on January 26, 1959 commenced this action against the

1. Chapter 172 of the 1929 Acts of the Indiana General Assembly, as amended. (Sections 40-1201 thru 40-1704, Burns' Annotated Indiana Statutes, Volume 8, Part 1, 1952 Replacement)

permittee insured for compensatory damages for his injuries. Hartford was made a party to the action on April 27, 1959 to answer as to its subrogation interests in the injured employee's claim. The defendant, permittee insured, moved pursuant to Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. to bring in the insurer as a third-party defendant which the Court granted on September 17, 1959. The third-party complaint was filed demanding judgment in such amount as might be adjudged against the third-party plaintiff in favor of the injured employee. The insurer, third-party defendant, filed its answer on October 23, 1959 consisting of four defenses, the second of which is quoted in the footnote.[2] Thereafter the insurer, third-party defendant, filed its motion for a summary judgment on November 22, 1959, pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3]

The motion as based on the second defense presents a question of law as there is no issue of fact.

The legal question is whether or not the "Employee" within the meaning of the Employee Exclusion Clause (g) of the policy means only an employee of the insured claiming coverage under the policy, or means an employee of either the policyholder insured and permittee insured regardless of which insured is claiming coverage under the policy? Stated another way the legal question is whether or not the "Insured" within the meaning of Clause (g) of the policy means only an "Insured" claiming coverage under the policy, or means either the policyholder insured and permittee insured regardless of which insured is the employer of the injured employee? The Employee Exclusion Clause (g) would read as follows with the alternative legal questions inserted:

"Exclusions"

"This policy does not apply:
   * * *.
   "(g) under coverage A, * * *, to bodily injury to * * * any employee (employee of an insured claiming coverage) (or employee of either of the insureds regardless of which insured is claiming coverage) of the insured (only an insured claiming coverage) (or either of the insureds regardless of

not assumed by the insured under any contract as defined in the policy.
"3. At the time of the accident and bodily injury complained of, plaintiff Wallace J. Leonard was an employee of Kain's Motor Service Corp. and such injury arose out of and in the course of his employment as a truck driver by Kain's Motor Service Corp.
   * * *."

2.       "Second Defense
   "The third-party defendant, for its second defense to the third-party complaint, says:
   "1. The bodily injury sustained by plaintiff Wallace J. Leonard, is not within the coverage of the policy of insurance on which Liberty Mutual is claimed to be liable by reason of Exclusion (g) of such policy, which provides as follows:
   " 'This policy does not apply:
   " '(g) under coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, other than a domestic employee whose injury arises out of an automobile covered by this policy and for whose injury benefits in whole or in part are not payable or required to be provided under any workmen's compensation law.'
   "2. Coverage A is the bodily injury liability agreement, and such liability was

3.       "Motion by Third-Party Defendant for Summary Judgment
   "Liberty Mutual Insurance Company, third-party defendant, moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter judgment for the third-party defendant for the relief demanded in the Second Defense, or in the alternative, for the relief demanded in the Third Defense of its Answer to Third-Party Complaint, on the ground that there is no genuine issue as to any material fact thereunder, and that the third-party defendant is entitled to a judgment as a matter of law, * * *."

which insured is claiming coverage) arising out of and in the course of his employment by the insured (only an insured claiming coverage) (or either of the insureds regardless of which insured is claiming coverage), * * *;"

There is Indiana authority that an insurer is liable for policy coverage of a permittee insured, American Employers' Ins. Co. v. Cornell, 1948, 225 Ind. 559, 76 N.E.2d 562, but there is no Indiana precedent concerning the question presented here by the Employee Exclusion Clause (g). Other jurisdictions have precedents on the Clause (g) question and these opinions differ for many different reasons.

■ Indiana follows the rule that where an insurance policy is ambiguous, it will be construed liberally in favor of the insured, or most favorably to the insured; or, as otherwise stated, it will be construed strictly, or most strongly, against the insurer; an exception in an insurance policy will be construed against the insurer, and liability under a policy will not be destroyed by an exception unless clear and free from reasonable doubt. Vol. 16 West's I.L.E. Insurance § 106, p. 247.

The policy must be examined to determine the intention of the parties thereto and whether the policy is ambiguous as it relates to the Employee Exclusion Clause (g).

■ The word "insured" is used throughout the policy in two ways: where the policy intends to refer to the policyholder insured the policy recites the "named insured," and where the policy intends to refer to the policyholder insured and a permittee insured the policy recites "the insured." The Employee Exclusion Clause (g) makes no specific reference to the "named insured" but twice recites "the insured" and it refers to the policyholder insured and a permittee insured. There is no

doubt that the claim if made by the injured employee of the policyholder insured against the policyholder insured would be excluded by Clause (g), but it does not clearly resolve the issue of this case as the injured employee is not making claim against his employer, the policyholder insured, but is making claim against the permittee insured for injuries incurred while he was not the employee of the permittee insured. The word "employee" is not used throughout the policy as was the word "insured." The word "employee" was used in the exception Clause (c) quoted in III, "Definition of Insured" of the policy. This exception excludes from the policy coverage any employee as a permittee insured who injures another employee of the same employer. The employee permittee insured exception (c) only confuses and makes doubtful the intent of the Employee Exclusion Clause (g). Exception (c) governs a situation where an employee of either the permittee insured or the policyholder insured, which employee but for the exception might become a permittee insured, in an accident which causes bodily injury to an employee of the same employer. The exception (c) in its narrow application while not inconsistent with the Employee Exclusion Clause (g) becomes inconsistent with the insurer's interpretation of the scope of Clause (g) when viewed from the viewpoint of the necessity for the exception (c) to be in the policy. If, as contended by the insurer, the Employee Exclusion Clause (g) excludes coverage for bodily injury to an employee of either the policyholder insured or permittee insured regardless of which insured is claiming coverage, then Clause (g) would exclude coverage for the bodily injury incurred by the injured employee referred to in exception (c). Although exception (c) excludes a specific class of possible permittee insureds from the policy coverage and the Employee Exclusion Clause (g) in a different way excludes a specific class of possible persons suffering bodily injury from the policy coverage, the same resulting liability or non-liability of the insurer would be

reached in two different provisions of the contract, one excluding permittee insureds and the other excluding a class of persons who could suffer bodily injury by the acts of a permittee insured. The only interpretation the Court can adopt is that exception (c) was necessary to express the intentions of the parties to the policy for the reason that the Employee Exclusion Clause (g) was not broad enough to cover their intentions. The Court sees in exception (c) an employee permittee insured by reason of permitted use by his employer, who also is a permittee insured being excluded as an insured because the injured person is an employee of the same employer. It must be pointed out that the injured employee was not the employee of the tortfeasor employee permittee insured but the parties in drafting exception (c) did not choose to insert language to exclude a permittee insured where it or its employee causes bodily injury to an employee of the policyholder insured.

The policy of insurance clearly indicates that the parties intended to so construct the policy around The Indiana Workmen's Compensation Act of 1929, as amended. In doing so the insurer in the policy granted coverage to the policyholder insured and permittee insured where they were not subject to the Act and denied coverage where they were subject to the Act. There is no specific provision in the policy excluding a permittee insured, who is not subject to the Compensation Act, from coverage where such insured causes bodily injury to an employee of the policyholder insured, who is subject to the Compensation Act, except for the exception III (c) of the policy and the insurer's contention that the Employee Exclusion Clause (g) should be so construed. To adopt the insurer's contention would render inconsistent this intention for coverage where the employer is not within the Compensation Act and in reflection upon the language in exception III (c), "employee of the same employer."

The Employee Exclusion Clause (g) when considered with the provisions of the entire policy creates a doubt as to the intention of the parties thereto. In order to clarify the ambiguity, it would require a description of an employee and his employer in an accident otherwise covered by the policy and in fact the parties did not rely upon the alleged broad provisions of Clause (g) when it incorporates therein the specific exception III (c) in defining insureds. The policy being ambiguous will be construed liberally in favor of the permittee insured. The Court holds that the "employee" within the meaning of the Employee Exclusion Clause (g) of the policy means only an employee of the insured claiming coverage under the policy.

Other grounds of the motion for summary judgment have been considered and no formal opinion thereon is deemed necessary.

The motion for summary judgment is denied.