**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**AUTOMOBILE UNDERWRITERS, INC., Defendant.**

**No. IP 63–C–396.**

United States District Court
S. D. Indiana,
Indianapolis Division.

June 21, 1966.

---

James E. Rocap, of Rocap, Rocap, Reese & Robb, Indianapolis, Ind., for plaintiff.

James C. Jay, of Steers, Klee, Jay & Sullivan, Indianapolis, Ind., for defendant.

## MEMORANDUM ENTRY ON DECLARATORY JUDGMENT

STECKLER, Chief Judge.

This is an action for declaratory judgment brought by State Farm Mutual Automobile Insurance Company against Automobile Underwriters, Inc., for a declaration of the respective rights and obligations of the parties under policies of automobile liability insurance issued by Automobile Underwriters to Wilbur C. Odle and by State Farm Mutual to David Franklin.

### The Facts of the Case

James W. Odle owned a 1955 Pontiac which he used and maintained in Tucson, Arizona, where he attended the University of Arizona and was employed part time as a grocery clerk. The Pontiac was titled in the name of his father, Wilbur C. Odle, who was also the named insured in the policy of insurance issued by Automobile Underwriters, Inc., covering the Pontiac. Wilbur C. Odle, the father, lived in Noblesville, Indiana, and at all times pertinent herein, James W. Odle, the son, was an adult member of his household.

On October 3, 1962, David Franklin, a friend and co-worker of James W. Odle, asked Odle for permission to use the Pontiac the following day, since he planned to take his own car, a Ford Falcon, to the garage for repairs. The Pontiac was turned over to David Franklin on the evening of October 3, 1962, and was involved in a collision the next day while being operated by David Franklin's wife, Sydney Franklin.

Odle and the Franklins had a close friendship; they had known each other for a year, were students at the same university, worked together in a grocery, and Odle had visisted in the Franklin home and had had meals with them.

The evidence showed that David Franklin had borrowed the Pontiac on previous occasions, and that on such occasions his wife, Sydney, had never driven it. Odle placed no express restrictions on the use of the car with regard to who would drive it on the occasion of taking the Ford Falcon to the garage. The question of Mrs. Franklin driving the Pontiac was not discussed.[1]

---

1. From the testimony it appears that Odle understood that David Franklin was going to drive the Pontiac and that Mrs. Franklin was going to drive the Ford Falcon to the garage, and that after leaving the Ford Falcon at the garage the two would return home in the Pontiac. In his oral deposition, Odle stated in response to a question as to the purpose for which Franklin sought to use the Pontiac:

   "His car had had a minor accident and he was taking it down to have a dent

On the morning of October 4, 1962, David Franklin drove the Ford Falcon to attend classes at the university and afterward drove it to the garage, where, by arrangements between him and his wife, she was to drive the borrowed Pontiac to pick him up. On the way to the garage Sydney Franklin was involved in the accident, which resulted in injuries to one Burkey B. Walker. An action for damages was filed by Walker against David and Sydney Franklin in the Superior Court of Pima County, Arizona.

According to the terms of the policy of insurance issued by the defendant, under the style and name of State Automobile Insurance Association, to Wilbur C. Odle, covering the 1955 Pontiac, the persons insured were defined as being:

"(1) The Named Assured and any resident of the same household

"(2) any other person using such automobile provided the actual use thereof is with the permission of the Named Assured or an adult member of his household."

The provision of the defendant's policy with respect to other insurance is as follows:

"If the Assured has other insurance against a loss covered by Part I of this policy, the Underwriters shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The provision of the plaintiff's policy of insurance, issued under the style and name of State Farm Automobile Insurance Company, to David Franklin, and covering Sydney Franklin as his spouse and a member of his household, with respect to other insurance is as follows:

"8(b) the insurance with respect to a temporary substitute automobile, a trailer and a non-owned automobile shall be excess over other collectible insurance."

The policies of insurance issued by the plaintiff and by the defendant were both in full force and effect on October 4, 1962, the date of the accident in question.

State Farm Mutual, the insurer of the Franklins and the plaintiff in the present action, undertook the defense of the Arizona action and tendered such defense to Automobile Underwriters, Odle's insurance carrier and the defendant in the present action. Automobile Underwriters refused to assume the defense of the Arizona action, and the present action was filed.

*The Ultimate Issue*

The ultimate issue is whether Sydney Franklin was an additional insured of the State Automobile Insurance Association under the omnibus provisions of its policy above set out. The question is, therefore, whether Sydney Franklin, while using the borrowed Pontiac for the purpose for which it was loaned, and in the absence of a specific prohibition by the owner against its use by a second permittee, came within the provisions of the defendant's policy affording protection to persons other than the named assured "provided the actual use thereof is with the permission of the named assured or an adult member of his household."

taken out, and he wanted to follow his wife down and leave his car and pick her up."
He was further asked:
"Did he tell you who was going to drive your car?"
He answered:
"It was understood he was."

To which counsel for the plaintiff objected as not being responsive and stating a conclusion. He was then asked:
"Not what you understood, Mr. Odle, but what he said to you. Did he say to you he was going to drive your car?"
His answer was:
"Yes."

*The Applicable Law and the Court's Conclusion*

■■ Since the policy of insurance in question was written and issued by the defendant in Indiana, the law of Indiana controls its construction. And since there is no Indiana case exactly in point, the court must follow the rule of law it believes the courts of Indiana would adopt in view of the evidence presented.

The contentions of the parties can be briefly stated. The defendant argues for application of the "general rule" that a second permittee is not covered by the extended coverage or omnibus clause of the owner's insurance policy. The plaintiff argues for application of the "liberal rule" which would, under certain circumstances, provide coverage under such clause for the second permittee. Considerable authority can be found supporting both of these positions. See the cases cited at 45 C.J.S. Insurance § 829c(2); 7 Am.Jur.2d Automobile Insurance §§ 116 and 117; Annot., 160 A.L.R. 1195 (1946, Supp.1958).

The plaintiff relies on the statement found at 7 Am.Jur.2d Automobile Insurance § 117, p. 435, that:

"The 'general rule' that a permittee may not allow a third party to 'use' the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee in using the vehicle is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is 'operating' the car for the 'use' of the first permittee and that such 'use' is within the coverage of the omnibus clause."

If there is to be coverage of the second permittee in the case at bar, it must be based on acceptance of the above interpretation of the omnibus clause.

In the Illinois case of Standard Accident Insurance Company v. New Amster-dam Casualty Company, 249 F.2d 847, (7th Cir.1957), the trial court was faced with a fact situation somewhat similar to that found in the case at bar. And there, as here, there were no state court decisions in point. In that case the owner of the car and the named insured was Kelliher, Inc. Virginia Kelliher, as an officer of the corporation, had proper possession and control of the car and the right to use it for her business and pleasure and to allow others to use it. On the date of the accident her brother, Nash Dowdle, asked to use the car for a date, and she granted him permission to do so. Dowdle took the car and picked up one Franke who was to accompany him on the date. At this time Franke began to drive the car at Dowdle's request. After stopping to allow Dowdle to transact certain business, they drove to meet the girls with whom they had dates. It was at this time that they were involved in an accident resulting in personal injuries to a Josephine Klotz, who subsequently obtained a judgment against both Dowdle and Franke. It appeared from the evidence that Franke had driven the car on previous occasions when it was borrowed by Dowdle but that this fact was not known to Virginia Kelliher. Nor did she know that Franke would accompany Dowdle on this particular occasion. A declaratory judgment action was filed by Standard, Franke's insurer, against New Amsterdam, the insurer of Kelliher, Inc., the owner of the car. The action was tried to the court without a jury and a decision was rendered for New Amsterdam, the court finding that "the actual use and operation" of the car by Franke was without the permission of Kelliher, Inc.

On appeal the Court of Appeals for the Seventh Circuit reversed, holding that Franke would be covered by the omnibus clause of the insurance policy issued by New Amsterdam to Kelliher, Inc. This policy contained an omnibus clause substantially similar to that involved in the present action. Judge Hastings, now Chief Judge, speaking for the court, summarized the factual situation in language

which may be aptly applied to the present case:

"In the case at bar, we have a second permittee who is sought to be classified as the additional insured. It is a situation where the first permittee is properly permitted to use the car for a specific purpose, and while using the car for such purpose requests another to drive the car for him in pursuance of that purpose * * *." 249 F.2d at 849.

In its opinion the Court reviewed decisions from jurisdictions other than Illinois applying both the "strict" and "liberal" constructions of the omnibus clause. The Court noted that, "Illinois has adopted and adhered to the so-called initial permission rule" with regard to cases where the permittee deviates in his use of the vehicle from the use for which permission was granted. 249 F.2d at 852. In this connection the Court cited the Illinois case of Konrad v. Hartford Accident & Indemnity Company, 11 Ill.App. 2d 503, 137 N.E.2d 855 (1956), wherein the Illinois court stated:

" 'When the named insured has initially once given permission to another person to use his motor vehicle * * * any use while it remains in his possession is with 'permission', under the omnibus clause, though that use may be for a purpose not contemplated by the named insured when he parted possession with the vehicle * * *.' " 249 F.2d at 852.

The Court of Appeals then went on to state:

"In the instant case, the first permittee, Dowdle, was properly given permission to use the insured car for his own social purpose. While so engaged in such use of the car he requested the second permittee to drive it and in so doing he did not deviate from the use for which permission had been granted. Under these circumstances and in view of the liberal policy adopted by the Illinois courts above referred to, it may be fairly concluded that in the initial permission given Dowdle to use the car there was an implied permission for him to allow Franke to drive the car."

Of course, the factual difference between the above case and the case at bar must be kept in mind. In that case the first permittee was riding in the car with the second permittee at the time of the accident, while in the case at bar this was not true. However, it is significant that, in the absence of an Illinois case in point, the Court of Appeals reasoned that adherence to the "initial permission rule" in the deviation situation indicated that the Illinois courts would follow the "liberal rule" in the second permittee situation.

In the case of Arnold v. State Farm Mutual Automobile Insurance Company, 158 F.Supp. 1 (D.C.S.D.Ind.), aff'd 260 F.2d 161 (7th Cir.1958), this court held, again in the absence of controlling Indiana case law, that the Indiana courts would follow the "liberal" or "initial permission" rule in the deviation situation.

In the *Arnold* case, a farm hand was asked by his employer to take the employer's truck and drive from the employer's farm-residence to another farm owned by him to feed and water some cattle. After finishing a part of his chores, the farm hand left the normal return route and drove to a town some fifteen miles away, purchased some liquor and, after drinking it, struck and killed a child. The child's administrator obtained a default judgment against the farm hand in a state court, and then sought in this court to recover the amount of the judgment from the employer's insurer.

This court directed a verdict for the plaintiff, on the ground that the Indiana courts would find coverage for the farm hand under the omnibus clause of the employer's policy, notwithstanding the fact that the farm hand had deviated substantially from the use of the truck for which permission had been granted.

This court based its decision in *Arnold* primarily on the two Indiana cases of Mercer Casualty Co. of Celina, Ohio v. Kreamer, 105 Ind.App. 358, 11 N.E.2d 84 (1937), and American Employers' Insurance Co. v. Cornell, 225 Ind. 559, 76

N.E.2d 562 (1942), and cases from other jurisdictions and authorities cited therein. In both of these cases the Indiana courts found coverage for the second permittee under the omnibus clause of the owner's insurance policy. In the *Kreamer* case the named insured had given the first permittee blanket authority to loan the car to whomever he thought competent to drive it. The first permittee loaned the car to his cousin who had an accident which gave rise to a lawsuit resulting in a judgment against him. The Indiana Appellate Court held that his judgment creditor could recover from the owner's insurer.

In the *Cornell* case the husband of the named insured was asked by a friend, in the presence of the named insured, for permission to use the car. Permission was granted and the keys were delivered by the husband, all in the presence of the named insured. The second permittee had an accident with the car causing injuries to another for which the other obtained a judgment for damages against him. The Supreme Court of Indiana held that under these circumstances the second permittee had the implied permission of the named insured to use the car and that he was, therefore, covered under the omnibus clause of the named insured's policy. In deciding the *Arnold* case, this court indicated its belief that these cases evidenced a liberal tendency on the part of the Indiana courts in construing omnibus or extended coverage clauses. On that basis, this court adopted the "initial permission rule" in the *Arnold* case.

On appeal, the Court of Appeals for the Seventh Circuit affirmed the action of this court. Arnold v. State Farm Mutual Automobile Insurance Company, 260 F.2d 161 (7th Cir.1958). Speaking again through Judge Hastings, the Court said:

> "The district court * * * concluded that the rationale of American Employers' Ins. Co. v. Cornell, 1948, 225 Ind. 559, 76 N.E.2d 562 and Mercer Casualty Co. of Celina, Ohio v. Kreamer, 1937, 105 Ind.App. 358, 11 N.E.2d 84, indicated that the Indiana courts of appeal would accept the 'liberal rule'

in determining the issue. We agree. A careful consideration of these two Indiana cases points clearly in that direction." 260 F.2d at 164.

Continuing the parallel between the present case and the Illinois case of Standard Accident Insurance Company v. New Amsterdam Casualty Company, supra, in construing the omnibus clause in a second permittee situation the court feels constrained to adopt the more liberal construction as it did in the deviation situation in *Arnold*.

While it cannot be said that the *Kreamer* and *Cornell* cases require this result, the court believes that its present decision is consistent with the holdings in those cases and with its own decision and that of the Court of Appeals in *Arnold*.

The court concludes that Sydney Franklin, while using the borrowed Pontiac for the purpose for which it was loaned, and in the absence of a specific prohibition by the owner against its use by a second permittee, was using the car with the implied permission of the owner and came within the provision of the defendant's policy affording protection to persons other than the named assured, "provided the actual use thereof is with the permission of the Named Assured or an adult member of his household."

### Declaratory Judgment

It is the judgment of the court that:

Sydney Franklin was, on October 4, 1962, an additional insured under the policy of insurance issued by the defendant, Automobile Underwriters, Inc., to Wilbur C. Odle; and it is the duty of the defendant, Automobile Underwriters, Inc., to defend Sydney Franklin in the action pending in the Superior Court of Pima County, Arizona, in which Burkey B. Walker is the plaintiff and Sydney Franklin and David Franklin are the defendants, arising out of the accident of October 4, 1962.

The defendant, Automobile Underwriters, Inc., has the further obligation to pay any judgment and costs rendered against Sydney Franklin in such action

up to Twenty-five Thousand Dollars ($25,000.00); and the plaintiff, State Farm Mutual Automobile Insurance Company, has the obligation to pay all sums rendered against Sydney Franklin in such action which are in excess of Twenty-five Thousand Dollars ($25,000.00) up to the sum of Ten Thousand Dollars ($10,000.00).

The costs of this action are taxed against the defendant.