**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant–Garnishee–Defendant,**

v.

**Ollie HALL and Thompson Motor Coach, Appellees–Plaintiffs,**

**Mauri Kuhn, Defendant and Judgment Debtor.**

No. 49A02–0108–CV–565.

Court of Appeals of Indiana.

March 18, 2002.

Robert S. O'Dell, Osborn, Hiner & Lisher, Indianapolis, Indiana, Attorney for Appellant.

Michael E. Simmons, Mitchell M. Pote, Hume, Smith, Geddes, Green & Simmons, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Today we construe the provisions of an omnibus clause contained in an automobile insurance policy. Appellant-defendant garnishee American Family Mutual Insurance Company (American Family) appeals the trial court's grant of summary judgment along with the entry of final judgment in favor of appellees-plaintiffs Ollie Hall and Thompson Motor Coach (Thompson). Specifically, American Family argues that the designated evidence failed to show that the judgment debtor-defendant, Mauri Kuhn, had permission to drive the vehicle that was involved in an accident and insured by American Family. Thus, American Family argues that the language set forth in the insurance policy that had been issued to the owner of the vehicle, along with the designated evidence presented to the trial court, precluded it from any liability as a matter of law.

### FACTS

On February 7, 1999, Kuhn was driving a 1994 Dodge automobile that was owned by Melissa Jones and her mother, Brenda Smith. Kuhn and Jones were living together, and the Dodge was their sole automobile. On that day, Kuhn collided with a 1990 MCI bus that was operated by Ollie Hall and owned by Thompson Motor Coach at an intersection in Indianapolis. American Family had issued an insurance policy to Smith and her husband that included coverage for bodily injury and property damage liability.

Smith had purchased the vehicle approximately three years prior to the collision. At the time of the purchase, Jones was living with her and was listed as a driver on the American Family policy. Smith eventually sold the vehicle to Jones, yet remained as a co-owner because the bank would not issue a loan to Jones without a cosigner. Jones made the monthly vehicle payments.

Thereafter, Jones moved in with Kuhn. They lived together until several weeks after the collision had occurred. The designated evidence demonstrated that Kuhn drove the vehicle on a frequent basis. Although Smith apparently told Jones that no one was to drive the vehicle other than her, the evidence showed that Jones typically permitted Kuhn to use the automobile. Jones had several sets of keys to the vehicle and made them accessible to Kuhn. Jones only refused Kuhn access to the vehicle when she needed to drive it. Appellant's App. at 45.

On April 8, 1999, Hall and Thompson filed a cause of action against Kuhn, Smith and Jones for damages sustained as a result of the collision. Smith and Jones were later dismissed from the action. Following a trial by court, Kuhn was found to be 100% at fault. Thus, judgment was entered against Kuhn in the amount of $9885.50 for personal injuries and medical expenses suffered by Hall, and for $21,696.07 for property damage and loss of use incurred by Thompson.

On April 20, 2000, Hall and Thompson filed complaints for proceedings supple-

mental against American Family, wherein they sought a declaratory judgment regarding Kuhn's insurance coverage. Specifically, they contended that the insurance policy issued by American Family applied to Kuhn's liability because he used the vehicle with permission. Appellant's App. at 38. Thus, Hall and Thompson sought judgment from American Family in an amount sufficient to satisfy the judgments that had been entered against Kuhn in their favor. Hall and Thompson then filed a motion for summary judgment against American Family, claiming that "there exist[ed] no genuine issue as to any material fact upon which American Family may prevail." Appellant's App. at 43. Specifically, Hall maintained that because the language in the policy did not require "express" permission for a person to be a permitted user of the vehicle, American Family should be liable on the judgment as a matter of law. In response, American Family filed a cross-motion for summary judgment, asserting that Kuhn did not have permission to use the vehicle. Alternatively, American Family argued that even if Kuhn may have had "implied permission" to drive the automobile, he was exceeding the scope of permission when the accident occurred. Thus, American Family argued that it was not obligated to provide coverage in this instance and further claimed entitlement to judgment as a matter of law. Appellant's App. at 233.

Following a hearing on the motions for summary judgment, the trial court ultimately granted Hall and Thompson's motion. The trial court also entered final judgment in their behalf on July 24, 2001. American Family now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220, 223 (Ind.Ct.App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *General Motors Corp. v. Northrop Corp.*, 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* Summary judgment should be granted only when the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Gov't, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct.App. 1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

### II. American Family's Claim

The essence of American Family's claim is that Kuhn lacked "permission" to use the vehicle. Appellant's brief at 14. Thus, American Family asserts that such lack of permission dictates no liability under the insurance policy for Kuhn's negligence in this instance.

In addressing American Family's contention regarding coverage, we first note some of the relevant provisions set forth in the contract. Under the policy, American Family states that:

We will pay compensatory damages an insured person is legally liable for because of bodily injury and property dam-

age through the use of a car or utility trailer.

Appellant's App. at 275. With regard to the definition of "insured" under American Family's liability provision, the language provides that:

Insured person or insured persons means:

1. You or a relative.

2. Any person using your insured car.

3. Any other person or organization. This applies only to legal liability for acts or omissions of:

a. Any person covered under this Part or using your insured car.

b. You or any relative covered under this Part while using any car or utility trailer other than your insured car. This other car or utility trailer must not be owned or hired by that person or organization.

But the following are not insured persons:

1. Any person, other than a relative, *using your insured car without your permission.*

2. Any person, other than a relative, *using your insured car with your permission, but who exceeds the scope of that permission.*

3. Any person using a vehicle *without the permission of the person having lawful possession.*

4. Any person using a vehicle with the permission of the person having lawful possession, *but who exceeds the scope of that permission.*

Appellant's App. at 275 (emphasis supplied).

▪▪▪ When considering these provisions, we note that interpreting an insurance contract presents a question of law for the court and summary judgment is particularly appropriate. *See Horace*

*Mann Ins. Co. v. Richards,* 696 N.E.2d 65, 67 (Ind.Ct.App.1998). If the language in an insurance policy is clear and unambiguous, then it should be given its plain and ordinary meaning. *Askren Hub States Pest Control Serv., Inc. v. Zurich Ins. Co.,* 721 N.E.2d 270, 275 (Ind.Ct.App.1999). That is, when interpreting an insurance policy, the goal is to ascertain and enforce the parties' intent as manifested by the insurance contract. *Monroe Guar. Ins. Co. v. Campos,* 582 N.E.2d 865, 870 (Ind. Ct.App.1991), *trans. denied.* We will not find coverage under the insurance policy unless the language of the contract admits liability. *Stockberger v. Meridian Mut. Ins. Co.,* 182 Ind.App. 566, 395 N.E.2d 1272, 1277 (1979).

▪▪▪ If there are ambiguous provisions in the policy, we will construe them in favor of the insured. *Meridian Mut. Ins. Co. v. Auto–Owners Ins. Co.,* 698 N.E.2d 770, 773 (Ind.1998). However, this court will not find the existence of an ambiguity simply because a controversy exists between the parties where each favors an interpretation contrary to the other. *Meridian Mut. Ins. Co. v. Cox,* 541 N.E.2d 959, 961 (Ind.Ct.App.1989), *trans. denied.* Rather, a contract will be found to be ambiguous only if reasonable persons would differ as to the meaning of its terms. *Beam v. Wausau Ins. Co.,* No. 20S03–0202 CV–111, slip op. at 6, 2002 WL 231409 (Ind. Feb. 12, 2002). Additionally, when provisions limiting coverage are not clearly and plainly expressed, the policy will be construed most favorably to the insured, to further the policy's basic purpose of indemnity. *Meridian Mut. Ins. Co.,* 541 N.E.2d at 961.

Here, American Family asserts that the evidence failed to demonstrate that there was no issue of fact in dispute as to Kuhn's permission to drive the vehicle on February 7, 1999. In essence, American Family

is contending that there was no permission, either express or implied, for Kuhn to drive the vehicle.

 We note that our supreme court has recognized that the provisions in an insurance contract regarding a policy owner's grant of permission to another to use his or her vehicle do not always require "express" permission. In the absence of such a requirement, implied permission is sufficient to bring a permittee within the terms of the policy. *Am. Employers' Ins. Co. v. Cornell*, 225 Ind. 559, 76 N.E.2d 562, 564 (1948); *see also National Mut. Ins. Co. v. Eward*, 517 N.E.2d 95, 98–99 (Ind.Ct.App.1987). In *American Employers'*, the appellant-insurance company issued a policy to an individual, whose friend was driving her automobile. 76 N.E.2d at 564. The purported "permittee" of the vehicle was involved in an accident with the insured's automobile. The evidence showed that the company's insured and driver of the vehicle were close friends. The acquaintance had driven the vehicle several times before the accident, both in the company of the insured, and by himself. *Id.* On the day of the accident, the friend asked for the car keys while the insured and her husband were drinking at a tavern. When the insured's husband passed the friend the keys to the car, the insured did not object. The accident resulted in injury and damage to Cornell and his tractor. *Id.*

A jury determined that American Employers' was obligated to pay the judgment because its insured had given permission to her friend to drive the vehicle. *Id.* In affirming the award, our supreme court noted that:

> [T]he insurance contract does not require *express* permission and in the absence of such a requirement implied permission would be sufficient to bring a permittee within the protection of the policy.
>
> . . . .
>
> It is entirely possible for a person to have the implied permission by the silence of another to use an automobile without being in a position to enforce a right to such use against the person granting such implied permission.

*Id.* at 564–65 (emphasis in original). In essence, the court recognized that mere silence on the part of the named insured may be sufficient to establish implied permission for another to operate the insured's automobile in some circumstances. *See id.*

As in *American Employers'*, the evidence here demonstrates that Jones never told Kuhn that he could not use the vehicle on the night of the accident. She neither secreted the car keys from him nor hid the vehicle. To be sure, Jones knew that Kuhn drove the vehicle on a regular basis. It was demonstrated that Jones only prevented or prohibited Kuhn from driving the automobile when she had to use it. Moreover, Jones routinely left at least one set of car keys in the house where they were accessible to Kuhn. She could not point to a single instance where she expressly prohibited Kuhn from operating the vehicle before the incident occurred. As a result, the designated evidence refutes American Family's contention that Jones terminated or "expressly" denied Kuhn the permission to use the vehicle.

Turning to the issue of whether Kuhn may have been granted "implied" permission to drive the vehicle, we have found no Indiana case directly addressing whether prior repeated usage of a vehicle will rise to such a level. However, other jurisdictions have so held. *See Elkinton v. Cal. State Auto. Ass'n. Int. Ins. Bureau*, 173 Cal.App.2d 338, 343 P.2d 396, 400–01 (1959) (recognizing that prolonged, fre-

quent, and habitual use with knowledge and acquiescence of the owner must be regarded as amounting to an authorization and a "permission" within the policy); *see also State Farm Mut. Auto. Ins. Co. v. Zurich Amer. Ins. Co.*, 62 N.J. 155, 299 A.2d 704, 710 (1973) (defining "implied permission" as an inferential permission in which a presumption is raised from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent).

We note here, that the operative facts are not in dispute. While American Family urges that a question of fact is presented, the undisputed facts are relevant with respect to answering a question of law. As set forth above, the designated evidence shows that Kuhn had ready access to the car keys and there was no express statement or definite act by Jones that restricted Kuhn's use or withdrawal of permission for him to operate the vehicle. Kuhn frequently drove the vehicle often with Jones's specific knowledge, and it is apparent that Jones put it in his power to drive the vehicle, essentially at will. As a result, we conclude that the evidence demonstrating Kuhn's prolonged, frequent and habitual use of the vehicle without any objection by Jones indicates that she consented and impliedly gave Kuhn permission to use the vehicle. Thus, American Family's contention as to this issue must fail, and the trial court properly determined that there was no genuine issue of material fact as to this issue.

Finally, we reject American Family's alternative argument that summary judgment was improperly granted for Hall and Thompson for the reason that the "scope" of the implied permission, if any, that was granted to Kuhn, had been exceeded here. In *Raines v. Auto–Owners Ins. Co.*, 703 N.E.2d 689 (Ind.Ct.App.1998),

*trans. denied*, we recognized that the liberal rule interpreting "scope of permission" clauses in insurance policies allows a permitted user to deviate substantially from the original purpose, yet remain within the scope of consent:

> [O]ne who has permission of an insured owner to use [her] automobile continues as such a permittee while the car remains in his possession, even though that use may later prove to be for a purpose not contemplated by the insured owner when [she] entrusted the automobile to the use of such permittee.

*Id.* at 692. We had the occasion to construe this "scope of permission" rule in *State Farm Fire & Cas. Co. v. White*, 168 Ind.App. 118, 341 N.E.2d 782 (1976), where it was revealed that the insured owner of an automobile permitted two friends to drive to the store, as long as they returned the vehicle in time for her to attend church. *Id.* at 783–84. Instead, the pair drove to Ohio and were involved in an accident. The evidence showed that the owner had allowed her friends to borrow her automobile on prior occasions. *Id.* at 783. Neither individual directly asked the insured to use the vehicle. Moreover, the actual driver at the time of the collision was not the friend who had indirectly received permission from the owner for use of the vehicle. *Id.* at 783–84.

The trial court found that there was coverage under the policy. On appeal, we affirmed that decision and determined that there were no express restrictions as to where the car could be taken or who was permitted to drive. *Id.* at 784. We held that the borrowers were permitted users within the meaning of the policy and reached this conclusion despite the presence of a "scope of permission" clause that was similar to the language included in American Family's policy.

The facts are even less favorable to the insurance company here. Specifically, the designated evidence does not support American Family's contention that Kuhn may have exceeded his scope of permission to use the vehicle. Jones essentially placed no restriction on Kuhn with respect to the use of the vehicle. Thus, American Family may not avoid coverage on this basis. American Family's claim necessarily fails with respect to its argument that Kuhn exceed the scope of permission to use the vehicle, and we conclude that the trial court properly granted summary judgment and entered final judgment for Hall and Thompson.

## CONCLUSION

In light of our disposition of the issues set forth above, we conclude that the trial court properly granted Hall and Thompson's motion for summary judgment. It was correctly determined as a matter of law that Kuhn had the "implied permission" of Jones to use the vehicle, and there was no evidence suggesting that Kuhn might have exceeded the scope of that permission. As a result, American Family is liable in this instance under the automobile policy it issued to the Smiths, and the trial court properly entered final judgment for Hall and Thompson.

Judgment affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.