**TEN CATE ENBI, INC., Appellant–Defendant,**

v.

**Julie METZ, Appellee–Plaintiff.**

No. 73A04–0309–CV–455.

Court of Appeals of Indiana.

Feb. 6, 2004.

Stephen E. Schrumpf, McNeely, Stephenson, Thopy & Harrold, Shelbyville, IN, Attorney for Appellant.

Kenneth E. Lauter, Suzanne S. Newcomb, Haskin Lauter & LaRue, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Ten Cate Enbi, Inc. (Enbi), appeals the trial court's judgment finding a breach of employment contract.

We affirm.

### ISSUE

Enbi raises two issues on appeal, which we consolidate and restate as follows: whether the trial court properly granted summary judgment in favor of Appellee–Plaintiff, Julie Metz (Metz), on her breach of contract claim.

### FACTS AND PROCEDURAL HISTORY

On June 17, 1992, Enbi offered Metz employment as the administrative assistant to the president of its new plant in Shelbyville, Indiana. In this position, Metz was responsible for office management, human resources, purchasing, scheduling, MIS and accounting functions. Metz accepted the position and entered into an employment agreement, with a specified three-year term ("1992 Agreement"). Upon the expiration of this term, Enbi offered Metz a new employment agreement (the "Agreement"), which she accepted and executed on August 29, 1995. This Agreement included a termination provision, which stipulated:

VIII. TERMINATION

This agreement and [Metz'] employment and rights hereunder shall termi-

nate, except as otherwise provided, as follows:

(a) automatically on the date of [Metz'] death; (b) in the event of [Metz'] disability to perform her duties under this agreement and such disability continues for a period of one hundred and twenty consecutive days; (c) for cause. Cause shall mean (i) a reasonable certainty exists establishing that [Metz] has engaged in embezzlement, theft, misappropriation or conversion of any assets of [Enbi]; (ii) a material breach by [Metz] of a provision of this agreement or the Basic Business Regulations unless cured by [Metz] within ten days after [Enbi] gives [Metz] written notice thereof excepting that no notice need be given by [Enbi] in the event of a second material breach by [Metz] of the same provision, and (iii) [Metz'] failure or refusal to follow standard policies of [Enbi] or the reasonable directions of and guidelines established by the Board of Directors unless cured by [Metz] within ten days after [Enbi] gives [Metz] written notice thereof excepting that no notice need be given by [Enbi] in the event of a second material failure or refusal by [Metz] of the same policy, direction or guideline.

In the event of termination of employment under parts a or c(i) only, [Enbi's] only payment obligation to [Metz] will be to pay [Metz] her salary, benefits and incentive pay prorated through the date of termination.

In the event that the employment is terminated by [Enbi] for any other reason, parties have agreed as follows: [Enbi] shall be obligated to pay [Metz] *only* compensation equaling 12 months salary as of the date of separation. Salary for this purpose shall not include incentive bonus, merit increase or cost of living increase. Benefits outlined in Section III(a)-(e) of this Agreement will

also be continued for a period of twelve (12) months.

The parties agree that in the event either one no longer desires to continue this Employment each shall give the other party thirty (30) days written notice.

(Appellant's App. pp. 35–6).

By memorandum, dated August 17, 2001, Enbi advised Metz and two of her co-workers, in pertinent part, as follows:

I understand that when [Enbi] began its operation here in Shelbyville, it was necessary to bring in a competent management team in order to get the plant off and running with minimum problems and delays. Accordingly, each of you were hired for your unique skills and you have each done an admirable job for [Enbi]. In this regard, it was necessary to provide you with certain financial assurances in those early employment contracts as an incentive to leave FNGP and to begin work for Enbi. However, given the fact that a substantial period of time has passed, it is now my belief that the purpose for some of those protections are no longer necessary.

Accordingly, I wish to bring your compensation packages in line with prevailing market rates, which frankly do not justify or warrant employer agreements and some of the benefits unique to you. After discussions with Enbi management and our legal representatives, we have decided to cancel the employment agreements that [Enbi] has with each of you. As each of these agreements does not have a specified termination date, Indiana law provides that they may be terminated at-will upon notification. As such, this letter is intended to provide you with this notice.

Please do not interpret this letter as an indication that [Enbi] wishes to dispense of your services, however given

the current economic climate, comparable compensation packages for your given positions and finally the equity of theses agreements versus other members of the organization, [Enbi] can no longer support continuation of these agreements.

(Appellant's App. p. 39).

By letter dated August 23, 2001, Metz informed Enbi that she interpreted the memorandum to be the thirty day notice, as specified in the termination section of her Agreement. She added that she assumed that her employment would terminate effective September 19, 2001, and that Enbi would pay her the twelve months' salary and benefits, as mandated under the Agreement. On August 28, 2001, legal counsel for Enbi advised Metz, in pertinent part:

As stated in [Enbi's memorandum, dated August 17, 2001], you are a valuable asset to [Enbi], and it is [Enbi's] intention not to affect your employment status. As such, it was never [Enbi's] intention to terminate your employment, nor to convey to you the impression that by ending the employment contract, that an adverse job action would be forthcoming. Rather, it was simply [Enbi's] intention to return your employment status to one of being an "at-will" employee, as are most management employees in Indiana.

(Appellant's App. p. 41)

On December 7, 2001, Metz filed her complaint against Enbi in the Shelby Superior Court, alleging a breach of contract and a violation of the Indiana Wage Payment Statute, Ind.Code § 22–2–5–2. On November 1, 2002, Metz moved for summary judgment, claiming that no genuine issue of material fact existed as to the breach of contract and that therefore, she was entitled to twelve months' salary, plus compensation equal to the value of her benefits, as specified in the Agreement. Enbi also sought summary judgment as to the breach of contract claim. On January 29, 2003, pursuant to a hearing, the trial court entered summary judgment in favor of Metz on the issue of the breach of contract and set the issue of compensation for further proceedings.

On June 24, 2003, the trial court conducted a bench trial on Metz' claim that Enbi had violated the Indiana Wage Payment Statute and to determine Metz' compensation in accordance with the Agreement's provisions. On July 28, 2003, the trial court entered judgment against Enbi on Metz' breach of contract claim and the violation of the Indiana Wage Payment Statute.

Enbi now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *American Family Mut. Ins. Co. v. Hall,* 764 N.E.2d 780, 783 (Ind.Ct. App.2002) *trans. denied.* Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect applica-

tion of the law to the facts. *See Ayres v. Indian Heights Volunteer Fire Dep.'t, Inc.,* 493 N.E.2d 1229, 1234 (Ind.1986).

■ Generally, the construction of a written contract is a question of law for the trial court for which summary judgment is particularly appropriate. *Mid State Bank v. 84 Lumber Co.,* 629 N.E.2d 909, 914 (Ind.Ct.App.1994). However, if the terms of a written contract are ambiguous, it is the responsibility of the trier of fact to ascertain the facts necessary to construe the contract. *Id.* Consequently, when summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Id.*

Enbi now claims that the trial court erred in granting summary judgment to Metz. Specifically, Enbi argues that since the Agreement did not specify a termination date, the Agreement was terminable at-will by either party. As such, Enbi properly terminated the contract, without incurring any further obligations to Metz. Alternatively, Enbi maintains that, assuming the trial court did not err, Metz forfeited her right to severance when she voluntarily resigned her employment.

Here, in granting Metz' Motion for Summary Judgment, the trial court held that,

[t]he general principles of employment law are that an employee is at-will unless they have a written contract of employment. If an employee has employment for a definite term, the employee is taken out of the at-will doctrine. The present situation is difficult because Metz has a written contract of employment that does not specify a definite term of employment in terms of how long Metz will be employed by Enbi.

The clear language of the contract obligates Enbi to compensate Metz in an amount equal to twelve months of salary. If Enbi is allowed to terminate the contract and convert Metz to an at-will employee without being required to pay her the twelve months salary, the provision found in Section VIII [termination] is meaningless.

(Appellant's App. pp. 10–1). We agree with the trial court.

■ In ascertaining the contract's clarity, or lack thereof, we consider the whole document, not just the disputed language. *Robinson v. Century Personnel, Inc.,* 678 N.E.2d 1268, 1270 (Ind.Ct.App. 1997) *trans. denied.* Construction of contract language that would render any words, phrases, or terms ineffective or meaningless should be avoided. *See Indiana Gaming Co., L.P. v. Blevins,* 724 N.E.2d 274, 278 (Ind.Ct.App.2000) *trans. denied.* "Courts should presume that all provisions included in a contract are there for a purpose and, if possible, reconcile seemingly conflicting provisions to give effect to all provisions." *Id.* Furthermore, in its interpretation of the contract, the court should attempt to determine the parties' intent when entering a contract from their expressions within the four corners of the written instrument. *See Samar, Inc. v. Hofferth,* 726 N.E.2d 1286, 1290 (Ind.Ct.App.2000) *trans. denied.*

■ At the outset, we note that the Agreement between Metz and Enbi does not include a proper cancellation clause, only a termination provision. Further, unlike the 1992 Agreement which included a definite term of three years, the current Agreement is silent as to the term of the arrangement between Metz and Enbi. Section I of the Agreement merely states that "[Enbi] hereby agrees to continue to employ [Metz] and [Metz] hereby accepts

*continued employment* with [Enbi] upon the terms and conditions set forth herein as from July 15, 1995." (Appellant's App. p. 33) (emphasis added). We have previously held that a contract, providing for continuing performance, and which has no termination date, or which provides that it will last indefinitely, is terminable at-will by either party. *See Marksill Specialties Inc. v. Barger,* 428 N.E.2d 65, 69 (Ind.Ct. App.1981). Thus, as we have determined that the Agreement does not include a termination date, we find the Agreement between Metz and Enbi to be terminable at-will. *See id.*

■ Furthermore, the termination section of the Agreement clearly provides that in the event of Metz' death, disability, or termination for cause, Metz' employment and rights under the Agreement would automatically terminate. Our review of the record does not reveal any evidence that would make these contingencies applicable in the instant case. Therefore, Metz' employment and rights under the Agreement terminated "for any other reason." (Appellant's App. p. 36). As such, the termination section stipulates that Metz is entitled to receive compensation equaling twelve months salary including benefits, as outlined in the Agreement.

We disagree with Enbi's contention that cancellation of the Agreement is to be distinguished from termination. The termination provisions of the Agreement apply when "this agreement and [Metz'] employment and rights ... terminate." (Appellant's App. p. 35). Enbi's 'cancellation' of the Agreement effectively ended or terminated Metz' rights, as outlined in the Agreement. Consequently, Enbi's purported 'cancellation' triggered the application of Section VIII.

Moreover, adopting Enbi's argument would result in rendering parts of the Agreement meaningless. *See Indiana*

*Gaming Co.,* 724 N.E.2d at 278. According to Enbi, since the Agreement is terminable at-will, it follows that upon termination, the contractual obligation to provide severance to Metz also ended. However, if Enbi is allowed to terminate the Agreement and convert Metz to an at-will employee without being required to compensate her for twelve months' salary, the provision detailing the severance package would become meaningless. *See id.* Enbi would only need to unilaterally cancel the employment agreement, and subsequently fire the employee in order to circumvent the payment of a generous severance package.

Therefore, in light of the clear and unambiguous language of the Agreement, we find that Enbi terminated its Agreement with Metz. *See Mid State Bank,* 629 N.E.2d at 914. By doing so, Enbi triggered the application of Section VIII, Termination, and its refusal to fulfill its final obligation by paying Metz the twelve months' salary and benefits is improper. Consequently, we hold that there is no genuine issue of material fact and the trial court has correctly applied the law. *See American Family Mut. Ins. Co.,* 764 N.E.2d at 783. We thus affirm the trial court's grant of summary judgment in favor of Metz.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted summary judgment in favor of Metz.

Affirmed.

DARDEN, J., and BAILEY, J., concur.