Pamela S. FACKLER, Appellant–Plaintiff,

v.

Melvin J. POWELL, Jr., and M. Jack Powell, Jr. Living Trust, Appellees–Defendants.

No. 02A03–0311–CV–453.

Court of Appeals of Indiana.

Oct. 20, 2004.

Rehearing Denied Dec. 3, 2004.

Perry D. Shilts, Haller & Colvin, P.C., Fort Wayne, IN, Attorney for Appellant.

Kendra Gowdy Gjerdingen, Mallor Clendening Grodner & Bohrer, LLP, Bloomington, IN, Cornelius B. (Neil) Hayes, Hayes & Hayes, Fort Wayne, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Today we must determine what tribunal is authorized to hear litigation following a dissolution of marriage proceeding regarding the parties' settlement agreement and decree of dissolution. Appellant-plaintiff Pamela S. Fackler brings this interlocutory appeal challenging the trial court's denial of her motion for summary judgment and request for attorney's fees. Specifically, Fackler contends that she was entitled to summary judgment because a Settlement Agreement (the "Agreement") executed between the parties clearly and unambiguously awarded full ownership of a promissory note and mortgage to her. Moreover, Fackler argues in the alternative that if the Agreement is ambiguous, extrinsic evidence shows that the parties intended that she become the owner of the promissory note and mortgage.

Appellees–Defendants Melvin J. Powell, Jr. and M. Jack Powell, Jr. Living Trust (collectively, "Powell") cross-appeal the tri-

al court's denial of their motion for summary judgment and request for attorney's fees. Specifically, Powell contends that because the Agreement is ambiguous and emanates from a marriage dissolution proceeding in a divorce court, the trial court did not have subject matter jurisdiction to resolve this dispute. Further, Powell argues in the alternative that the Agreement clearly and unambiguously awarded only $23,000 to Fackler.

We conclude that the terms of the Agreement were not ambiguous, and that the Agreement awarded full ownership of the promissory note and mortgage to Fackler. Thus, although the trial court properly exercised subject matter jurisdiction over this case, it erred in denying Fackler's motion for summary judgment and her request for attorney's fees. Thus, we reverse and remand this cause to the trial court for it to determine the amount of attorney's fees owed to Fackler.

## FACTS

The undisputed facts are that on December 31, 1996, Fackler and Powell were married, and on October 3, 2001, Fackler filed a petition for dissolution in Allen Superior Court—Family Relations Division (the "dissolution court"). On March 21, 2002, Fackler and Powell took part in a mediation of the final settlement of their divorce action, resulting in the Agreement. The dissolution court approved the Agreement and entered it as part of the final decree on March 22, 2002.

Paragraph B(3) of the Agreement details the property that Fackler was to receive, noting that she is awarded all property "free and clear of any and all claims which Husband may have therein or thereto...." Appellant's App. p. 372. Subsequently, Paragraph B(3)(g) of the Agreement awards the following to Fackler:

Promissory Note and Mortgage given by Thomas Penny Builder to Husband in the amount of $23,000.00 which Husband shall assign to Wife. Said Note shall be paid upon the sale of Lot 22, Covington Pines and in any event by no later than December 31, 2002 Husband shall guarantee payment of said Note. Upon payment by Husband, Wife shall reassign the Note and Mortgage to Husband.

Appellant's App. p. 373. At the time that the parties signed and the dissolution court approved the Agreement, $94,300.11 was owed on the Promissory Note and Mortgage from Thomas Penny Builder.

The Agreement also contains an indemnification provision, providing that "[e]ach party agrees to indemnify and save and hold the other harmless from all damages, losses, expenses (including attorney's fees), costs and other fees incurred by reason of the indemnitor's violation or breach of any of the terms and conditions hereof." Appellant's App. p. 377. Fackler and Powell both claim, pursuant to this provision, that the other should pay all attorneys' fees.

On May 28, 2002, Powell forwarded to Fackler a signed Assignment of Promissory Note and Mortgage (the "Assignment"). Copies of the Promissory Note and Mortgage were attached to the Assignment. The Assignment specifies that it is executed "pursuant to the terms and conditions" of the Agreement. Appellant's App. p. 57. Moreover, the Assignment notes that "[t]he face amount of the Promissory Note is $23,000.00...." *Id.*

On September 4, 2002, Thomas Penny Builder and his company, Construction Information Systems, LLC, conveyed Lot 22 to Powell's Living Trust. Powell then notified Fackler that he would pay Fackler $23,000 plus interest at eight percent on February 6, 2003. Displeased with Powell's intentions, Fackler filed a Verified Complaint for Establishment of Construc-

tive Trust Or To Quiet Title, Or, In The Alternative, Suit Upon Note And To Foreclose Real Estate Mortgage in Allen Superior Court—Civil Division (the "trial court") against Powell on January 29, 2003. The complaint alleged that Fackler held legal and equitable title to the Note and Mortgage and sought the remaining balance on the Note. Subsequently, on February 6, 2003, Powell's Living Trust sold Lot 22 for a gross selling price of $114,900.00. On the same date, Powell paid Fackler $23,000 plus accrued interest in the amount of $179.40. The parties placed $83,785.44, the balance of the selling price of Lot 22, in an escrow account.

On June 6, 2003, Fackler filed a motion for summary judgment, alleging that she was entitled to judgment as a matter of law because the Agreement clearly and unambiguously awarded full ownership of the Promissory Note and Mortgage to her. On July 7, 2003, Powell filed a motion for summary judgment of his own, asserting that he was entitled to judgment as a matter of law because the trial court did not have subject matter jurisdiction or, in the alternative, because the Agreement clearly and unambiguously awarded only $23,000 to Fackler, leaving Powell the owner of the Promissory Note and Mortgage.

Following a hearing on August 1, 2003, on October 16, 2003, the trial court denied both parties' summary judgment motions, finding that it had subject matter jurisdiction but that the "ambiguity and the language of the Mediated Settlement Agreement and the ambiguity in the language of the Assignment ... [create] genuine issues of material fact as to the intentions of the parties...." Appellant's App. p. 6. Fackler filed a motion for certification of interlocutory appeal on October 27, 2003, which was

ultimately granted by the trial court. On December 22, 2003, this court accepted jurisdiction, and both parties now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

When reviewing a trial court's ruling on a motion for summary judgment, this court stands in the shoes of the lower court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Ten Cate Enbi, Inc. v. Metz*, 802 N.E.2d 977, 980 (Ind.Ct.App.2004). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). This court, therefore, must determine whether there is a genuine issue of material fact and whether the trial court correctly applied the law. *Ten Cate Enbi, Inc.*, 802 N.E.2d at 980. To make that determination, we must consider all of the pleadings and designated evidence in the light most favorable to the non-movant. *Id.*

### II. Subject Matter Jurisdiction

■ Powell argues that the trial court does not have subject matter jurisdiction over this matter because the Agreement was incorporated into the final decree entered by the dissolution court. Thus, according to Powell, the dissolution court retains exclusive jurisdiction to interpret or modify the Decree of Dissolution, and the trial court has jurisdiction only to enforce the Agreement as written. Fackler responds that the Agreement unambiguously awards full ownership of the Promissory Note and Mortgage to her, and that because the Agreement is unambiguous the trial court has subject matter jurisdiction over this dispute.[1]

---

1. Fackler argues that Powell did not properly    appeal an April 22, 2003 order denying his

In resolving these issues, we first note that property rights established with certainty in an unambiguous dissolution settlement agreement may be enforced by a court other than the court that issued the dissolution decree. *See Johnson v. Johnson*, 575 N.E.2d 1077, 1080 (Ind.Ct. App.1991). But the dissolution court retains exclusive jurisdiction to modify and interpret its own decrees. *Behme v. Behme*, 519 N.E.2d 578, 582 (Ind.Ct.App. 1988). Thus, if the settlement agreement at issue is clear and unambiguous, and will not require either modification or significant interpretation, a court other than the dissolution court may enforce the dissolution decree.

Here, our first task is to determine whether the Agreement is ambiguous. If the Agreement is clear and unambiguous, the trial court had subject matter jurisdiction, whereas if the Agreement was ambiguous, the dissolution court retained exclusive jurisdiction.

A court must interpret a contract to ascertain the intent of the parties at the time of contracting. *McLinden v. Coco*, 765 N.E.2d 606, 611 (Ind.Ct.App.2002). If the contract language is clear and unambiguous, the terms are conclusive. *Ogle v. Ogle*, 769 N.E.2d 644, 647 (Ind.Ct.App. 2002), *trans. denied.* Moreover, "[t]he terms of a contract are not ambiguous merely because the parties disagree as to the proper interpretation of the terms." *Id.* To ascertain the contract's clarity, or lack thereof, we must consider the whole document, not merely the disputed language. *Ten Cate Enbi, Inc.*, 802 N.E.2d at 981. A contract is ambiguous if "reasonable men would find the contract subject to more than one interpretation." *Boswell v. Lyon*, 401 N.E.2d 735, 740 (Ind.Ct.App. 1980).

The entirety of the clause in the Agreement at issue in this case is as follows:

> Promissory Note and Mortgage given by Thomas Penny Builder to Husband in the amount of $23,000.00 which Husband shall assign to Wife. Said Note shall be paid upon the sale of Lot 22, Covington Pines and in any event by no later than December 31, 2002 Husband shall guarantee payment of said Note. Upon payment by Husband, Wife shall reassign the Note and Mortgage to Husband.

Appellant's App. p. 373. This paragraph is preceded by language stating that Powell is awarded all property "free and clear of any and all claims which Husband may have therein or thereto...." Appellant's App. p. 372. The Promissory Note itself is incorporated by reference into the contract, and the Note is in "the sum of Twenty-three Thousand Dollars ($23,-000.00) *and the total of all documented construction costs, not to exceed Eighty Thousand Dollars ($80,000.00)*." Appellant's App. p. 58 (emphasis added).

The Agreement assigns to Fackler a Promissory Note in the amount of $23,000. The Note itself is in the amount of $23,000 plus all constructions costs that may total up to $80,000. It is common to identify promissory notes by their principal amount, and the failure of the Agreement to indicate the full amount due under the Note does not create an ambiguity. Moreover, the prefatory language to the clause notes that Fackler receives the property free and clear of any of Powell's claims. Powell's only in-

motion to dismiss, but that motion is irrelevant to this case. In fact, Powell is not appealing the denial of his motion to dismiss and is instead appealing the trial court's denial of his motion for summary judgment. That denial was a part of the same order as the Trial court's denial of Fackler's motion for summary judgment, and that order is properly before this court.

terest in the Note and Mortgage is that Fackler is to reassign them to him in the event that he pays pursuant to his guaranty. Nothing in the Agreement, nothing in the Note or Mortgage, and nothing in the Assignment indicates that he retained any interest whatsoever beyond a reassignment upon payment. As a result, we disagree with the trial court's determination that the Agreement is ambiguous. Having made that determination and also finding that the agreement requires neither modification nor interpretation, it follows that the trial court properly exercised subject matter jurisdiction over this case by enforcing the dissolution decree.

 Moving to the terms of the Agreement, it is clear that Powell guaranteed payment of the Note to Fackler. The Note was in the amount of $23,000 plus any construction costs that totaled up to $80,000, and the Note was to be paid from the proceeds of the sale of Lot 22. Inasmuch as Powell received $114,900 from the sale of Lot 22, he was obligated to pay Fackler $103,000 under the Agreement. Thus, there is no genuine issue of material fact as to the ownership of the Note and Mortgage, and Fackler is entitled to judgment as a matter of law. As a result, the trial court erred in denying Fackler's motion for summary judgment.

### III. Attorney's Fees

We next address the parties' requests for attorney's fees pursuant to the indemnification provision in the Agreement. The Agreement provides that: "[e]ach party agrees to indemnify and save and hold the other harmless from all damages, losses, expenses (including attorney's fees), costs and other fees incurred by reason of the indemnitor's violation or breach of any of the terms and conditions hereof." Appellant's App. p. 377. As our discussion above indicates, Powell was in breach of the Agreement. Therefore, he must pay Fackler's attorney's fees because of his breach, in an amount to be determined by the trial court.

The judgment of the trial court is affirmed in part, reversed in part and remanded so that the trial court may determine the amount of attorney's fees that Powell must pay Fackler.

KIRSCH, C.J., and ROBB, J., concur.